HARRIS, J.
Nelson, an attorney, was a tenant of a residential complex managed by Florida RS, Inc. Because the manager asserted a past balance owed by Nelson, it filed a three-day notice for payment or possession of premises. Nelson filed an action for breach of lease and violation of section 83.49(9), Florida Statutes (1995), which requires that interest be paid on security deposits on an annual basis. Nelson sought to certify a class action law suit for himself and all others similarly situated. The court dismissed the breach of lease complaint and, because interest was then paid to all lessees entitled thereto, refused to certify the class action. The court granted Nelson $27,654 in attorney’s fees for himself and another lawyer employed by him and this appeal follows.
The attorney’s fees awarded by the court included work done while seeking to represent a class even though no class was certified. It seems axiomatic that the award of class action attorney’s fees requires a class action. The court awarded the fee on the basis of section 83.48 which authorizes fees to “the party in whose favor a judgment or decree has been rendered ... against the nonprevailing party.” Nelson prevailed in getting paid $30.70 in interest on his security deposit. On this, he prevailed. Had he been successful in establishing the class and had the class also prevailed, then the class would also have been entitled to attorney’s fees. Alas, that did not happen.
Although we question the authority of granting a contingency fee multiplier when the attorney is also the plaintiff (thus making it extremely difficult to show “that without an adjustment for risk the prevailing party ‘would have faced substantial difficulties in finding counsel in the local or other relevant market.’ ” See Lane v. Head, 566 So.2d 508, 513 (Fla.1990)), we reverse because we believe that any fee should be limited to the time spent by counsel(s) in recovering plaintiffs interest on his security deposit. Only on that issue did he prevail.
*56 REVERSED and REMANDED for further action consistent with this opinion.
GRIFFIN, C.J., and THOMPSON, J., concur.